# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

## THE HAT SWEAT MANUFACTURING COMPANY, Appellant, *v.* WILLIAM H. REINOEHL and OSCAR WETHERHOLD, doing business as W. H. REINOEHL & CO., Respondents.

*Bill of particulars—when the names and residences of persons, by whom an invention is claimed by the defendants to have been used before a patent was issued, must be disclosed by the defendant setting up such a defense, in an action brought to recover royalties by the owner of the patent.*

Appeal by the plaintiff from an order denying a motion for a bill of particulars.

The motion was made under section 531 of the Code of Civil Procedure, and particularly the following clause thereof: "The court may, in any case, direct a bill of particulars of the claim of either party to be delivered to the adverse party."

This action was brought to recover certain royalties due the plaintiff for the month of August, 1884, under a license from the plaintiff to the defendants.

The defendants set up, among other defenses, that the patents mentioned in said lease or license "were procured by fraud and misrepresentation, wholly void, invalid and of no 'force; that the said invention covered by the patents aforesaid is not new, and was not at the time said letters patent were applied for, but the alleged improvement had long been known and in use by persons other than those applying for said letters patent, and to whom the same were issued, and said sweat bands are now manufactured and sold by many other parties besides the plaintiff, or those to whom the said patents in said contract mentioned were issued, or by whom they were owned, and that said contract was executed by them without any consideration."

The court at General Term said: "It appears, both by the affidavits in the case and the answer of the defendants, that a bill containing some of the particulars required to be supplied by some of the defendants should be ordered to avoid the risk and probability of surprise upon the trial. But these particulars should be by no means as general or extended as they have been required by the plaintiff. As to most of the facts alleged in the answer by the

defense it is sufficiently explicit to enable the plaintiffs to understand the extent of the issues and to be prepared by evidence to meet them upon the trial.   But as to the persons who are alleged to have used the patented inventions before the time when the patents were issued the answer supplies them with no information. The patents themselves are assailed as invalid for the reasons that the invention had been previously used for such a period of time antecedent to the applications for the patents as legally to render the inventions public property.   Where this use was made or by whom are facts not disclosed in the answer, but the statements are general that such use of the inventions had been made.   The information supplied by the answer on this subject is so defective as necessarily to leave the plaintiff entirely in the dark as to what evidence may be presented to establish the allegations upon the trial; and it imposes a practical disability upon the plaintiffs to supply themselves with evidence to meet and controvert these allegations when the trial of the action shall take place, if under the contract itself that shall be considered a proper subject for the consideration and attention of the court.   To supply the plaintiff with the information it is entitled to have before the action shall be brought on for trial, the service of a bill of particulars appears to become a necessity; and to provide for that necessity the defendants should be required to serve such a bill of particulars as will contain a statement of the names and residences of such persons, firms or corporations, as it shall be intended or expected upon the trial to prove that these inventions had been used by, and also a statement of the facts designed to be proven to show that the patents mentioned in the contract were not valid and not sufficient to give to the plaintiff the exclusive right to use the inventions therein mentioned.   To that extent, but no farther, does a bill of particulars seem to become a necessity to enlarge the indefinite and very general allegations contained in the answer."

*Edward Lynan Short*, for the appellant.

*George Wilcox*, for the respondents.

Opinion by DANIELS, J.; BRADY, P. J., concurred.

Order reversed and order to be entered as directed in **opinion** with costs and disbursements to abide the event.